Street Railway Co. v. Graves.

MEMPHIS STREET RAILWAY CO. *v.* GRAVES.

(*Jackson.* April Term, 1903.)

1. **STREET RAILROADS.** Liable for negligence of conductor 'in issuing transfer tickets.

   It is negligence on the part of a street car company for a conductor to give a passenger a wrong transfer ticket, and the passenger can accept the transfer ticket without question, and his acceptance of such ticket will not constitute negligence on his part. The passenger will not be required to scrutinize the ticket, but he may assume that the conductor has given him the proper ticket; and if the conductor make a mistake, it is the fault of the company, for which it is liable. (*Post*, p. 235.)

   Cases cited and approved: O'Rourke v. Street Railway Co., 103 Tenn., 126-133.

2. **SAME.** 'Same. Damages for wrongful expulsion on defective transfer ticket.

   When a passenger on a street car pays his fare, and is, by the conductor thereon, given a transfer ticket, which the conductor on another car, to which the passenger properly changes, refuses to accept, and the passenger is forcibly expelled from the car, he can recover from the street car company all approximately resulting damages, including those for humiliation and mortification, if such were in fact sustained. (*Post, pp.* 235, 236.)

   Case cited and approved: O'Rourke v. Street Railway Co., 103 Tenn., 135.

3. **SAME.** Condition indorsed on transfer ticket unreasonable and void, when.

   A condition printed on the back of a transfer ticket requiring the passenger to examine date, time and direction, and see that the

Street Railway Co. v. Graves.

same are correct, is unreasonable, and the passenger will not be required to verify the act of the conductor in issuing the transfer ticket and the court will not enforce such a condition. (*Post, pp.* 236-238.)

Case cited and approved: O'Rourke v. Street Railway Co., 103 Tenn., 141.

FROM SHELBY.

Appeal in error from Circuit Court of Shelby County. —J. S. GALLOWAY, Judge.

WRIGHT, PETERS & WRIGHT, for Street Railway Co.

J. W. CANADA, for Graves.

Mr. JUSTICE WILKES delivered the opinion of the Court.

This is an action for the alleged unlawful. ejection of the plaintiff from the car of the defendant company by one of its conductors. The action was commenced before a justice of the peace. On appeal it was tried before the court and a jury, and there was a verdict and judgment for $50, and the street railway company has appealed and assigned errors.

The facts necessary to be stated are that the plaintiff boarded a car of the defendant company on its subur-

ban line at the corner of Latham and McLemore streets.
When he paid his fare, he asked for a transfer ticket to
go east on Vance street.   At the proper transfer point
he boarded a Vance street car, and, when the conductor
of that car came for his fare, handed him the transfer
ticket received from the conductor of the initial car.
The conductor of the Vance street car refused to recog-
nize the transfer ticket, and after some parley the plain-
tiff was ejected from the car.   He had no money with
him, and was compelled to walk to his place of business,
where he arrived late, causing him anxiety lest he lose
his position.   The plaintiff testifies that the conductor
ejected him by force, over his protest and explanation,
and treated him roughly.   He testifies that, when he
presented his transfer ticket, the conductor insolently
and insultingly handed it back to him, saying:   "This
ain't no good.   You will have to pay your fare."   He
further states that he politely protested, and informed
the conductor that the conductor on the suburban line
had given it to him as a transfer east on Vance street.
To which the conductor replied, "You will have to get
off," and thereupon had the car stopped, and jerked him
by the arm in the presence of the passengers, and rudely
and roughly carried him out of the car, and put him on
the ground, without any explanation why he would not
honor the transfer; that there were many passengers on
the car, some of whom were ladies, and he was greatly
humiliated and embarrassed; and that it was a rainy,
disagreeable morning.

It is said that the court erred in charging the jury that "it was the duty of the defendant company, upon being applied to for a transfer, to furnish the plaintiff a proper transfer, and, if the conductor furnished the plaintiff a different transfer from the one called for, that would be the negligence of the conductor, and not the negligence of the plaintiff; that the plaintiff had the right to presume that the street car conductor would do his duty in the premises, and had a right to rely for passage upon the transfer given him." It is said, also, that it was error to charge it to be negligence on the part of the company if the conductor gave him a wrong transfer, and also that it was error to hold that the plaintiff could accept the transfer without question, and that his acceptance of a wrong transfer would not constitute negligence on his part. We think there is no error in the charge, and that the question has already, in principle and effect, been settled in the case of *O'Rourke v. Street Railway Co.*, 103 Tenn., 126, 52 S. W., 872, 46 L. R. A., 614, 76 Am. St. Rep., 639.

In that case the court said: "To require a passenger, who has made a valid contract for transportation and paid the requisite fare, to retire from the car and suspend his journey because of an original defect in the ticket furnished him by the company's agent, is to visit the wrong of the offender upon the offended. It is to make the rightful passenger suffer for the fault of the carrier, and that, too, in the latter's interest. This court

will not yield its assent to a result so unjust and oppressive.

The plaintiff had a right to believe the transfer ticket all that it should be. With it he diligently sought and promptly entered the first transfer car, and, upon being challenged by the conductor of that car as too late to use the ticket, he made a fair and reasonable statement, showing that he had just left the first car, and that the first conductor must have wrongfully indicated the hour of issuance on the face of the ticket. He owed the company no other duty, and his expulsion under such circumstances was a tortious breach of contract, for which he became entitled to recover all approximately resulting damages, including those for humiliation and mortification, if such were in fact sustained." *O'Rourke* v. *Street Ry. Co.,* 103 Tenn., 135, 52 S. W., 874, 46 L. R. A., 614, 76 Am. St. Rep., 639.

This court said again in the O'Rourke Case: "The passenger is not required in law, nor allowed in fact, to print or write or stamp the ticket. The carrier alone has that right, and the passenger is authorized to believe and presume it will be properly exercised, and that the ticket, when delivered, is a faithful expression of the contract as made." *O'Rourke* v. *Street Ry. Co.,* 103 Tenn., 133, 52 S. W., 874, 46 L. R. A., 614, 76 Am. St. Rep., 639.

There was in the O'Rourke Case a printed statement on the back of the transfer ticket to the effect that the passenger would "examine date, time, and direction,

and see that the same are correct." But the court held that it would not enforce such a condition, that it was unreasonable, and that it would not place upon the passenger the duty of verifying the act of the conductor in issuing a transfer ticket; and in that case the plaintiff made no examination at all of the transfer check, as in this case. *O'Rourke* v. *Street Ry. Co.,* 103 Tenn., 141, 52 S. W., 872, 46 L. R. A., 614, 76 Am. St. Rep., 639.

The argument of counsel for the street car company is that passengers should be required to examine transfer tickets when handed to them, and verify the action of the conductor, and, if there is any defect in the ticket or any deviation from the request, to have it at once corrected, and, if he does not do so, he is guilty of such negligence as must bar his recovery. We think this contention not sound. The ticket is a mere token, to be used for the convenience of the road. It is not the contract between the road and the passenger. It is a statement by the initial conductor to the subsequent conductor what the contract is, and what the passenger is entitled to, and, if it is not correct, the fault is that of the road. Nor can passengers be required to verify the acts of the conductor, but they may presume that he acts correctly. The tickets or tokens are prepared by the company. They contain more or less of printed and other directions. Some passengers cannot read. Others are children. None of them have the time or opportunity in the rush of travel to scrutinize the ticket, and in many instances, if they did, they could not under-

stand the devices used by the company. The passenger has the right to presume the conductor has given him a proper ticket; and, if he make a mistake, it is the fault of the company, for which it is liable; and, if the passenger in good faith accept the ticket, he is not bound to stop and scrutinize it, to see that no mistake has been made.

We are of opinion that there is no error in the judgment of the court below, and it is affirmed with costs.