WILSON, J.
This action was instituted below by George S. Deihl against the Cincinnati Trac. Co. to recover damages for an alleged wrongful ejectment from one of defendant’s cars.
The evidence discloses the fact that the plaintiff became a passenger on a Vine-Clifton car, and when paying his fare he asked for and received a transfer slip to an East End car; that the conductor punched the date of expiration as 8:15 a. m., which was about the time the transfer was given plaintiff; that plaintiff left the Vine-Clifton car at Fifth and Vine streets and went directly to Fourth and Vine streets, where he boarded an East End car, and on presenting the transfer the conductor refused to accept it, stating that the time limit on the transfer had expired, and plaintiff, refusing to pay an additional fare, was ejected from the car.
The action was one in tort. The act of the first conductor in erroneously punching the hour of issuing the transfer as the hour at which the transfer would expire was a wrongful act ; and the act of the second conductor in refusing to accept the transfer and ejecting plaintiff from the ear is a consequence of the first wrongful act for which the company became liable in tort. The conductors, being agents of the company, their acts were the acts of the company for which the company would be liable, if done in the scope of their agency.
The company undoubtedly has a right to make reasonable rules for the conduct of its business and to require its agents to strictly enforce them, but that will not absolve it from liability when one of its agents, in compliance with a rule of the company, erroneously ejects a passenger from the car. The authorities are uniform that when by the fault of an agent of the company a passenger is given a ticket imperfectly or erroneously *583 stamped and is ejected from the car or train by the conductor in pursuance of the rules of the company, it is liable to him as for a tort.
On the last hearing of the cause below the court was asked by the plaintiff and did give the following special charge:
“A street car passenger who has paid his fare to the conductor of the car in which he has become a passenger, and who then requests of the conductor a proper transfer to another ear in a connecting line for a continuous ride, to all of which he is entitled under the law, and who lias received from such conductor a transfer slip to such ear, is not required by law to scrutinize such transfer-slip for the purpose of ascertaining whether or not a mistake has been made by the conductor in issuing the transfer-slip, but may assume that a proper transfer has been issued to him by the conductor, in the absence of any other fact or incident to suggest an inquiry. ’ ’
A verdict was returned for the defendant below and judgment entered thereon.
Plaintiff is now prosecuting error to this court, and is complaining that while the court gave the special charge requested by plaintiff, he nevertheless gave a special charge requested by defendant, and also in his general charge used language which destroyed the force and effect of the special charge requested by plaintiff and given by the court. The special charge so requested by defendant below and given by the court is as follows:
“In order to recover in this case, the plaintiff must have been without fault in receiving and making use of the transfer; and if you find that in receiving, examining and using the transfer plaintiff did not exercise such care as ordinarily prudent persons- are accustomed to exercise concerning such a matter under the same or similar circumstances, then your verdict must be for the defendant. ’ ’
The court in its general charge instructed the jury (R. 78) that it was for the jury to decide—
“whether or not he (plaintiff) used due care himself in seeing that the transfer when received was properly marked. ’ ’
And again, the court stated (R. 79) that — ■
“It is the duty of a person receiving a transfer to use ordinary care in seeing that that transfer is properly marked.”
*584 The court again charged the jury (R. 79) that—
“If the plaintiff in the case used ordinary care in seeing that that transfer was properly punched, then it is the duty of the defendant company to accept such transfer.”
It will be seen that the court, in giving the special charge requested by the defendant, and in his general charge, instructed the jury, in effect, that it was the duty of the plaintiff not only to examine the transfer slip, but also to scrutinize it for the purpose of ascertaining whether or not the conductor in issuing the transfer had made any mistake in marking or punching the same, and that if he had hot used ordinary care in seeing that it was properly punched, then their verdict must be for the defendant.
Upon a former hearing of this cause in this court it was held that the court below had erred in refusing to give special charges requested by plaintiff below, one of which was the special charge hereinbefore set forth as given by the court below on the last trial of the cause. The court at that time held that while the passenger should exercise ordinary ca,re and prudence about the receiving and making use of a transfer, he was not required to scrutinize such transfer for the purpose of ascertaining whether or not the conductor had made a mistake in punching it, especially in view of the fact that the transfer itself contains no directions as to punching, in regard to time, which would enable the passenger to determine whether or not it was properly punched. In so holding the court followed a long line of decisions, among them: Memphis St. Ry. v. Graves, 110 Tenn. 232 [75 S. W. 729]; Pittsburg, C. C. & St. L. Ry. v. Reynolds, 55 Ohio St. 370 [45 N. E. 712; 60 Am. St. 706]; Ann Arbor Ry. v. Amos, 85 Ohio St. 300 [97 N. E. 978]; Lake Shore & M. S. Ry. v. Mortal, 8 Circ. Dec. 134 (18 R. 562); Cleveland City Ry. v. Conner, 74 Ohio St. 225 [78 N. E. 376; 6 Ann. Cas. 941],
The special charge requested by the plaintiff below and given by the court embodied the law of the case, and the court erred in modifying said charge by the giving of said special charge requested by the defendant, and instructing the jury orally as he did in his general charge, thereby destroying the force and effect of plaintiff’s charge, and in addition thereto erroneously instructing the jury as to the law of the case.
*585 Section 11447 G. C. provides that either party — “may present written instructions to the court on matters of law and request them to be given to the jury, which instructions shall be given or refused by the court before argument to the jury is commenced. ’ ’
And it further provides, paragraph 7—
“A charge or instruction when so written or given, shall not be orally qualified, modified or in any manner explained to the ' jury by the court. ’ ’
The courts of Ohio have repeatedly held that under and by virtue of said Sec. 11447 G. C. (Section 5190 Rev. Stat.), when written instructions are given, it is error for the court to orally modify or qualify them, as was done by the court below in this ease. Caldwell v. Brown, 6 Circ. Dec. 694 (9 R. 691); Cincinnati v. Lochner, 11 Dec. 119 (8 N. P. 436); Columbus Ry. v. Conner, 27 O. C. C. 229 (6 N. S. 361); Rupp v. Shaffer, 12 Circ. Dec. 154 (21 R. 643); Pendleton St. Ry. v. Stallman, 22 Ohio St. 1; Tuscarawas Co. (Comrs.) v. Swanson, 38 O. C. C. 353 (27 N. S. 167).
When two inconsistent charges are given, one of which is erroneous, and it is impossible to say which one the jury followed, the verdict should be set aside. Eureka Fire & M. Ins. Co. v. Purcell, 10 Circ. Dec. 528 (19 R. 135); Rapp v. Becker, 16 O. C. C. 321 (4 N. S. 139).
The court below further charged the jury as follows:
“It is for you to decide whether or not the plaintiff was a passenger upon the Clifton-Vine car as alleged in his petition; whether he paid his fare: whether he asked for a transfer to the East End car; whether said transfer was given to him; * * * and whether he tendered said transfer, and whether it was refused.”
These facts were all admitted, either in the answer of defendant or in the opening statement of counsel for defendant, and therefore were facts not at issue in the ease and it was error on the part of the court to charge the jury that it was for the jury to decide whether or not those admitted facts were true.
The court is therefore of the opinion that the errors above *586 stated were prejudicial -to the rights of plaintiff below, and for that reason the court is constrained to order that the judgment below be reversed and this cause be remanded to the court below for a new trial.
Jones, J., concurs.
Hamilton, J., dissenting.
I can not concur in the judgment of reversal. The special charge which was given for plaintiff was the law as laid down in the case of Cleveland City Ry. v. Conner, 74 Ohio St. 225 [78 N. E. 376; 6 Ann. Cas. 941], and the special charge given at the request of the defendant is not inconsistent therewith. The court, both in the special charges and in the general charge, left the question of negligence to the jury, basing its instructions on the proposition that the degree of care required was the exercise of “such care as ordinarily prudent persons are accustomed to exercise concerning such a matter under the same or similar circumstances,” and the use of the term “examine,” in the court’s charge, with reference to the duty of plaintiff, is approved by the Supreme Court in the Conner case.
The majority opinion says:
“It will be seen that the court in giving the special charge requested by the defendant, and in his general charge, instructed the jury, in effect, that it was the duty of plaintiff not only to examine the transfer slip, but also to scrutinize it for the purpose of ascertaining whether or not the conductor in issuing the transfer had made any mistake in marking or punching the same. ’ ’
I am unable to see wherein the charges justify the use of the word “scrutinize.” To examine as a prudent person does not mean to scrutinize. To scrutinize means to examine or observe closely in detail; to investigate minutely. The law does not require the passenger to scrutinize his ticket and there is nothing in the charge to indicate to the jury that such is the law. The court may have gone farther in its charge in detailing that “It is the duty of a person receiving a transfer to use ordinary care in seeing that that transfer is properly marked” than would be justified if this part of the charge stood alone, but taking it in connection with the whole charge, I do not think the jury was misled.
*587 On the other ground of reversal as found by the majority of the court — that the trial court erred in charging on undisputed facts — I am inclined to agree with counsel for plaintiff in error rather than with the majority of the court. The plaintiff in error in his brief says: “This objection to the charge would not be sufficient, perhaps, to reverse the judgment, if it stood alone.” Finding no other error, I do not think this objection sufficient to justify a reversal.
I am therefore of the opinion that the case was fairly tried under the law and the judgment should be affirmed.